**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN OTERO, individually and on behalf of a class of similarly situated individuals,** | ) ) ) ) | |
| **Plaintiff,** | ) | **Case No.** |
| **v.** | ) ) | **Judge:** |
| **THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS,** | ) ) ) ) | **Magistrate Judge:** |
| **Defendants.** | ) ) | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

NOW COMES PLAINTIFF, BRIAN OTERO (hereinafter "Plaintiff" and/or "Otero"),

individually, and on behalf of a class of similarly situated people, by and through his under-

signed Counsel of Record, and for his Class Action Complaint against Defendants, SHERIFF OF

COOK COUNTY, and COOK COUNTY, ILLINOIS, (hereinafter "Defendants"), states as fol-

lows:

**NATURE OF ACTION**

1.     Plaintiff, Brian Otero, brings this Class Action Complaint against Defendants,

seeking damages for Defendants' policy or practice of unlawfully detaining, holding in custody

or imprisoning free citizens following a trial or other proceeding at which the citizen is found

not-guilty or otherwise acquitted (the "Unlawful Detention Policy"). From the time of the "not

guilty" verdict or judgment in favor of the criminal defendant, through the final processing step

at the jail, Plaintiff and Class members are subjected to Defendants' illegal policies and/or pro-

1

cedures which result in class members being detained for unreasonable amounts of time and in an unreasonable manner. The Unlawful Detention Policy and related illegal conduct deprived Plaintiff and the putative class of rights, privileges, and immunities secured by the Constitution. Defendants' actions and the Unlawful Detention Policy constitute violations of 42 U.S.C. §1983.

2.      Plaintiff, in his representative capacity, seeks a declaratory judgment that Defendants' policy or practice is unlawful pursuant to 42 U.S.C. § 1983. Plaintiff, in his representative capacity, also seeks a permanent injunction and other equitable relief necessary to eliminate the Unlawful Detention Policy and to prevent such policy or practice from continuing to affect the liberty, freedom, and Constitutional rights of citizens in the future. The relief sought by Plaintiff includes, but is not limited to: affirmative restructuring of Defendants' criminal defendant processing procedures, implementation of equitable relief to include declaratory relief and injunctive relief, reimbursement of expenses incurred in prosecuting this action, and attorneys' fees. Plaintiff further seeks actual damages, emotional distress, and other equitable remedies and damages necessary to make him and members of the class whole.

2.      Plaintiff Otero brings his §1983 claim individually and on behalf of a class of all other similarly situated prior criminal defendants in Cook County, who stood trial while detained, were found not guilty or otherwise acquitted at trial, and were subsequently detained, held in custody, or imprisoned pursuant to Defendants' Unlawful Detention Policy. Plaintiff Otero brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.      All allegations and claims are pled in the alternative to the extent such an interpretation is necessitated by law, required for proper construction under the law, and permitted under federal law.

## JURISDICTION AND VENUE

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1343. This is a suit authorized and instituted pursuant to the Act of Congress known as the "Civil Rights Act of 1991," and the "Civil Rights Act of 1866," 42 U.S.C. § 1983.

5.       Upon information and belief, the amount in controversy in this action exceeds $5,000,000.00, exclusive of interest and costs.

6.       Upon information and belief, at least one member of the Rule 23 Class is a citizen of a different state than that of Defendants.

7.       Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c). Defendants reside and do business in the Northern District of Illinois and the Plaintiff is a resident of the Northern District of Illinois. Defendants are subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

8.       Plaintiff, in his class-wide claims, requests injunctive and declaratory relief and compensation for actual damages, emotional distress and punitive damages and/or any and all other damages permitted by applicable law, and attorneys' fees and lawsuit costs.

## THE PARTIES

a.       **Plaintiff**

9.       The representative Plaintiff, BRIAN OTERO, is a resident of the City of Chicago, in Cook County, Illinois.

b.       **Defendants**

10.       Defendants are the Sheriff of Cook County, Thomas J. Dart and Cook County, Il-

linois. The Sheriff is sued in his official capacity only. The County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

## CLASS ALLEGATIONS

11.     Plaintiff brings his claims under 42 U.S.C. § 1983, individually, and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. The Rule 23 Class is defined as:

> "All people who were criminal defendants in Cook County, were detained at the time of trial or other proceeding, were found not guilty or otherwise acquitted at trial or other proceeding and were subjected to Defendants' illegal policies and/or procedures by being detained, held in custody, or imprisoned by Defendants after their not-guilty verdict or acquittal from April 27, 2010 through the present."

12.     Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit a timely and otherwise proper request for exclusion from the Rule 23 Class.

13.     **Numerosity:** The persons in the Rule 23 Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the calculation of that number is presently within the sole control of Defendants. However, on information and belief, Plaintiff believes there are thousands of members of the class.  Additionally, because the Unlawful Detention Policy is continuing, there are new class members every day.

14.     **Commonality**: There are numerous questions of law and fact common to the Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Rule 23 Class that predominate over any question solely affecting individual members of the Rule 23 Class include, but are not limited to, the following:

(a)     Whether Defendants maintain a policy or practice that causes an unrea-

4

sonable duration and manner of detaining, holding in custody, or impris-

oning free citizens, who stood trial as "detained" criminal defendants, after

they have been found not-guilty or otherwise acquitted at trial or other

proceeding ("Unlawful Detention Policy");

(b)     Whether Defendants lacked policies and procedures that would ensure the

prompt release of Class members and protect their Constitutional rights;

(c)     Whether Defendants' Unlawful Detention Policy is so widespread, perma-

nent, and well settled that it constitutes a custom or usage with the force of

law;

(d)     Whether Defendants' Unlawful Detention Policy was carried out under

color of custom or usage of State law and whether Plaintiff's and Class

members' constitutional rights were violated under the color of State law;

and

(e)     Whether Defendants' Unlawful Detention Policy violates Plaintiff's and

putative Class members' constitutional rights in violation of 42 U.S.C.

§1983.

15.     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

Rule 23 Class. Plaintiff's claims have the same essential characteristics as the claims of the

Class, namely, Plaintiff and the members of the Class were all subjected to and damaged by De-

fendants' Unlawful Detention Policy.

16.     **Adequacy:** Plaintiff will fairly and adequately represent the interests of the Rule

23 Class. Plaintiff's interests and the interests of the Class members do not conflict.  Plaintiff's

interests in pursuing this matter are aligned with the interests of the Class members. Plaintiff is

willing to actively prosecute the class claims at issue in this case and has retained counsel experienced in and capable of handling class action lawsuits.

17.     **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## COMMON ALLEGATIONS

19.     Plaintiff suffered severe damages as a direct and proximate result of Defendants' illegal conduct, as alleged herein.

20.     All allegations herein are pled in the alternative to the extent necessitated for viable construction under applicable federal law.

21.     On November 23, 2009, the Chicago Police Department arrested Plaintiff for an alleged burglary.  Plaintiff was subsequently charged with burglary and was held, pending trial, in Cook County Jail, since he could not afford to make bail.

22.     On July 18-21, 2011, Plaintiff stood trial for the alleged burglary.

23.     Plaintiff was in Defendants' custody from the time he was arrested on November 23, 2009, through his trial and subsequent post-acquittal processing.

24.     The jury found Plaintiff "not guilty" following a trial and acquitted him of all charges. The court entered judgment in favor of Plaintiff.

25.     At the time of acquittal, Plaintiff had no outstanding warrants.

26.     When Plaintiff was acquitted, Defendants were obligated to process his release without unreasonable delay and ensure that his constitutional rights were protected. Defendants

failed on both obligations.

27.     Following his acquittal, and despite the fact that there were no other pending charges or warrants against Plaintiff, Defendants placed Plaintiff in handcuffs and transported him back to the Cook County Jail.

28.     When they returned to the Cook County Jail, Defendants detained Plaintiff in the "bullpen."

29.     Plaintiff was kept locked up in the bullpen for approximately twelve hours, from 4:00 p.m. on July 21, 2011, until 4:00 a.m. on July 22, 2011. Sometime during this twelve hour period, Defendants conducted their procedure to "process" Plaintiff for release.

30.     While being detained, held in custody and imprisoned in the bullpen, other inmates asked Plaintiff about the outcome of his trial. After informing the prisoners that he had been found not guilty and would be leaving jail, one of the prisoners punched and pummeled Plaintiff about the face and body. Plaintiff sustained physical injuries as a result of the jailhouse beating he suffered while being detained by Defendants after his acquittal.

31.     Plaintiff did not report the beating to Defendants because he was afraid he would somehow catch another charge as a result of being beaten in the bullpen, and his release would be delayed further.

32.     The policy or practice followed by Defendants for detaining individuals who are found not guilty or who are otherwise acquitted at trial or other proceeding causes an unreasonable length and manner of detention in violation of the Constitution.  Among other things, Defendants' policy or practice is to detain individuals such as Plaintiff and Class members with the general prison population, which not only substantially and unnecessarily increases the procedural steps for processing out an individual, but also creates a serious risk that the individual will

be the victim of a violent assault. Even though Defendants no longer have probable cause or any other right to detain or investigate individuals who were found not-guilty or who were otherwise acquitted, Defendants' policy or practice is to hold such individuals in custody pending the completion of a post-release check for wants and holds. This is a laborious and time consuming process that unnecessarily prolongs an individual's detention and which could have been done during the individual's detention prior to his or her not-guilty verdict or acquittal. These and other aspects of Defendants' policies or practices results in a post-acquittal detention of individuals that is unreasonable in both length and manner and, therefore, is unconstitutional.

33.     Defendants' policy or practice of detaining, holding in custody or imprisoning free citizens, who stood trial as "detained" criminal defendants, after they are found not-guilty or otherwise acquitted at trial or other proceeding, is so widespread, permanent and well settled that it constitutes a custom or usage with the force of law.

## COUNT I

### UNLAWFUL DETENTION IN VIOLATION OF THE
### CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1983

34.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

35.     Plaintiff brings Count I in both his individual and representative capacities.

36.     Defendants maintain a policy or practice of detaining, holding in custody or imprisoning free citizens for unreasonable amounts of time and in an unreasonable manner with deliberate indifference to their constitutional rights following a trial or other proceeding where the citizen is found not-guilty or otherwise acquitted, constituting violations of 42 U.S.C. §1983.

37.     The aforementioned policy or practice deprived Plaintiff and the putative Class of

liberty without due process, in violation of their constitutional rights under the Fourth and Four-teenth Amendments to the United States Constitution.

38.     The aforementioned policy or practice deprived Plaintiff and the putative Class of rights, privileges, and immunities secured by the Constitution and laws, in violation of 42 U.S.C. §1983.

39.     The aforementioned policy or practice was carried out under color of custom or usage of State law and Plaintiffs' and Class members' constitutional rights were violated under the color of State law.

40.     Defendants' conduct is intentional, deliberate, willful, and conducted with disre-gard for the rights of the Plaintiff and the Rule 23 Class. In fact, Defendants have been sued on at least two prior occasions for, among other things, their unconstitutional policy or practice of de-taining individuals for excessive and unreasonable periods of time after they were found not-guilty or otherwise acquitted.  *See Watson v. Sheahan, et al.*, Case No. 94-cv-6891 (N.D. Ill.) and *Bullock v. Dart, et al.*, Case No. 04-cv-1051 (N.D. Ill.).  Despite being put on notice of their un-constitutional polices or practices and paying millions of dollars to settle prior class actions chal-lenging those polices or practices, Defendants continue to adhere to their Unlawful Detention Policy.

41.     As a direct and proximate cause of Defendants' policy or practice of detaining, holding in custody or imprisoning free citizens for unreasonable amounts of time and in an un-reasonable manner following a trial where the citizen is found not-guilty or otherwise acquitted, Plaintiff and the Rule 23 Class have experienced extreme harm, including actual damages, emo-tional distress damages and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

i.      Acceptance of jurisdiction of this cause;

ii.     A declaratory judgment that the policies or practices challenged herein are illegal and violative of the Constitutional rights secured to Plaintiff and the Class;

iii.    A preliminary and permanent injunction against the Defendants and their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs and usages as set forth herein;

iv.     An Order requiring the Defendants to initiate and implement programs that: (1) do not violate the Constitutional rights of free citizens acquitted on criminal charges; (2) remedy the effects of the Defendants' past and present unlawful practices; and (3) eliminate the continuing effects of the unlawful practices described herein above;

v.      Certification of this case as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure;

vi.     Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

vii.    Awarding damages sufficient to compensate Plaintiff and the Rule 23 Class for their injuries;

viii.   Awarding actual, compensatory and emotional distress damages;

ix.     Awarding pre-judgment and post-judgment interest;

x.      Awarding reasonable attorney's fees and costs of this action;

xi.     Awarding punitive damages; and

xii.    Any and all other relief that this Honorable Court may deem just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated:  April 27, 2012                          Respectfully Submitted,


                                        /s/Robert M. Foote
                                        Robert M. Foote, Esq. (#03124325)
                                        Matthew J. Herman, Esq. (#06237297)
                                        Michael D. Wong, Esq. (#06291089)
                                        Foote Meyers Mielke & Flowers, LLC
                                        3 N. Second Street, Suite 300
                                        St. Charles, IL 60174
                                        Tel. No.: (630)232-6333

                                        Kathleen C. Chavez, Esq. (#6255735)
                                        Chavez Law Firm, P.C.
                                        3 N. Second Street, Suite 300
                                        St. Charles, IL  60174
                                        Tel. No.: (630) 232-4480

                                        Peter L. Currie, Esq. (#06281711)
                                        The Law Firm of Peter L. Currie, PC
                                        536 Wing Lane
                                        Saint Charles, IL 60174
                                        Tel. No.: (630) 862-1130

                                        Myron M. Cherry, Esq.
                                        Jacie C. Zolna, Esq.
                                        Myron M. Cherry & Associates, LLC
                                        30 North LaSalle Street, Suite 2300
                                        Chicago, IL 60602
                                        Tel. No. (312) 372-2100

                                        ***ATTORNEYS FOR PLAINTIFF***