IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN OTERO, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 12 C 3148 |
| THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY ILLINOIS, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendants Thomas J. Dart ("Dart") and Cook County Illinois (collectively, the "Defendants") move to dismiss Plaintiff Brian Otero's ("Otero") claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Rule 12(b)(1) or to strike under Rule 12(f). For the following reasons, the Court grants the motion in part and denies it in part.[1]

## RELEVANT FACTS

Otero alleges the following facts in support of his claims, which the Court accepts as true for the purpose of this motion. On November 23, 2009, the Chicago Police Department arrested Otero for an alleged burglary. (R. 1, Compl. ¶ 21.) Otero was charged with burglary and held in Cook County Jail pending trial because he could not afford to make bail. (*Id.*) Otero stood trial for burglary July 18-21, 2011 and was found "not guilty" on all charges. (*Id.* ¶¶ 22, 24.) Otero

---

[1] Otero withdrew his prayer for punitive damages. (R. 20, Resp. at 8.) The Court, therefore, denies Defendants' requests regarding punitive damages as moot.

had no outstanding warrants at the time of the acquittal. (*Id*. ¶ 25.) After the acquittal, Defendants placed Otero in handcuffs and transported him back to Cook County Jail for processing. (*Id*. ¶ 27.) Defendants detained Otero in the "bullpen" at Cook County Jail for approximately twelve hours while Defendants completed the procedure to process Otero for release. (*Id*. ¶ 29.) Defendants have a policy or practice to hold individuals in custody pending the completion of a check for warrants and holds (the "Unlawful Detention Policy"). (*Id*. ¶ 32.) While in the bullpen, an inmate punched and pummeled Otero about the face and body after Otero informed the inmate that he had been acquitted. (*Id*. ¶ 30.)

## LEGAL STANDARD

### I. Rule 12(b)(1)

When a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction on a Rule 12(b)(1) motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

### II. Rule 12(b)(6)

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank*, *FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2007) (internal quotation and citation omitted). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

"In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank,* 649 F.3d at 614. "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934-35 (7th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted)). "The complaint 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Id*. at 935 (citing *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs*., 536 F.3d 663, 668 (7th Cir. 2008)). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id*. (citing *Twombly*, 550 U.S. at 556 (internal quotation omitted)). "To meet this

3

plausibility standard, the complaint must supply 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Id*. (citing *Twombly*, 550 U.S. at 556).

### III. Rule 12(f)

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)). Motions to strike pursuant to Rule 12(f) are usually discouraged. *See Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012). Motions to strike are appropriate, however, if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if the matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta*, 554 F.3d at 1141–42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (citation and internal quotation omitted).

## ANALYSIS

On April 27, 2012, Otero filed a one count complaint against Thomas Dart, the Sheriff of Cook County, and Cook County Illinois. (Compl. ¶¶ 34-41.) Defendants jointly filed Defendants' Motion to Dismiss and/or Strike the Plaintiff's Complaint. (R. 16, Mot. to Dismiss.) Defendants' argue (1) Otero has failed to state a claim for relief under 42 U.S.C. § 1983; (2)

Otero lacks standing to seek equitable relief; and (3) Otero cannot assert substantive claims against Cook County, which is an essential party only for the purposes of indemnification. (*Id.*) The Court addresses these arguments in turn.

I.       **Unlawful Detention in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1983**

Otero alleges that Defendants have a "policy or practice of unlawfully detaining, holding in custody or imprisoning free citizens following a trial or other proceeding at which the citizen is found not-guilty or otherwise acquitted" in violation of 42 U.S.C. § 1983. (Compl. ¶¶ 1, 36.) Defendants move to dismiss on the basis that Otero has not sufficiently alleged facts to demonstrate that a custom or policy by either Sheriff Dart or Cook County caused injuries of a "constitutional magnitude." (Mot. to Dismiss at 4.) The Court disagrees.

Section 1983 provides a cause of action against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. Where, as here, the Section 1983 defendants are public entities,[2] the plaintiff must demonstrate both an underlying deprivation of a federal right, and that the deprivation "was caused by an official policy or custom." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 301 (7th Cir. 2011) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

---

[2] Otero sues Dart in his official capacity only. (Compl. ¶ 10.) "Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)).

5

A plaintiff may establish that a governmental entity's policy caused a violation of his constitutional rights through one of three ways. A governmental entity may be liable under Section 1983 if the alleged constitutional violations were caused by: (1) an official policy adopted and promulgated by the entity's officers; (2) a governmental practice or custom that, though not officially authorized by law or express policy, is widespread and well settled so as to constitute a custom or usage with the force of law; or (3) an act by an official with final policymaking authority where that act is in conformity with, or in the creation of, governmental policy or rules that essentially have the force of law. *See Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690); *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009)). Otero alleges that Defendants' policy or practice of holding in custody or imprisoning citizens after their acquittal "is so widespread, permanent and well settled that it constitutes a custom or usage with the force of law." (Compl. ¶ 8.)

Otero asserts that the Unlawful Detention Policy violated his Fourth and Fourteenth Amendment rights because Defendants detained him for an unreasonable length of time and in an unreasonable manner after Defendants no longer had probable cause or any right to detain him. (*Id*. ¶ 32.) Specifically, Otero alleges that the Unlawful Detention Policy led to twelve hours of unlawful detention, during which he sustained physical injuries from a beating in the bullpen. (*Id*. ¶¶ 29, 30.) Whether the factual record fully bears out Otero's allegations after discovery is a matter for another day. "The issue [at the motion to dismiss stage] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank*, 649 F.3d at 614.

Otero need not identify a specific unlawful policy at this stage because he sufficiently describes the policy or practices at issue. *See Wiek v. Keane*, No. 09 CV 920, 2010 WL 1976870, at *4 (N.D. Ill. May 12, 2010) (holding that a plaintiff "is not required to provide extrinsic evidence that a policy existed" and that "[plaintiff's] assertions that the officers held him overnight in accordance with a municipal policy are sufficient to put the City on notice of his claim."); *Padilla v. City of Chi.*, No. 07 CV 5253, 2011 WL 3793413, at *5-6 (N.D. Ill. Aug. 24, 2011) (finding it sufficient for a *Monell* claim that plaintiff pointed to particular practices, though plaintiff did not point to a particular policy); *Riley v. Cnty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010) ("[A]n official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing."). Specifically, Otero alleges that the Unlawful Detention Policy includes placing acquitted inmates in the general population and holding them in custody pending the completion of a check for warrants and holds. (Compl. ¶ 32.) These allegations amount to more than just boilerplate language reciting the elements of the offense. Otero has sufficiently apprised Defendants of the allegedly unconstitutional policy or custom, and thus has alerted Defendants to the nature of his claim.

It is also not fatal that Otero alleges facts relating only to his own detention, while asserting that the Unlawful Detention Policy is "widespread" and applies to others. *See Hunt v. Hardy*, No. 11 C 4396, 2012 WL 2458943, at * 6 (N.D. Ill. June 27, 2012) (denying a motion to dismiss when plaintiff alleged that he was denied medical treatment while incarcerated as a result of a widespread custom among correctional employees and the warden); *Hoskins v. Dart*, No. 09 CV 5145, 2010 WL 4823065, at *3-4 (N.D. Ill. Nov. 16, 2010) (finding plaintiff stated a

claim for relief under Section 1983 by alleging that the sheriff, in his official capacity, carried out a policy of placing rival gangs together in lockup, despite the fact that plaintiff only referenced facts relating to incidents involving himself); *see also McCormick v. City of Chi.*, 230 F.3d 319, 324–35 (7th Cir. 2000) (holding that inclusion of phrases such as "highest policymaking officers" and "widespread custom" is enough to withstand a motion to dismiss for a Section 1983 municipal liability claim). Because Otero has sufficiently pled a Section 1983 claim, the Court denies Defendants' motion to dismiss the Complaint.

## II. Otero's Requests for Equitable Relief

Otero seeks a permanent injunction and other equitable relief necessary to eliminate the Unlawful Detention Policy. (Compl. ¶ 2.) Defendants move to dismiss or strike these claims for equitable relief asserting that Otero does not have standing to seek injunctive relief because he is not subject to ongoing unconstitutional detention following acquittal and was not detained at the time he filed suit. (Mot. to Dismiss at 8.) The Court agrees that Otero lacks standing to seek equitable relief under Article III of the Constitution because he has not shown a "real and immediate danger that the alleged harm will occur." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ("past exposure to illegal conduct does not in itself show a present case for injunctive relief"); *see also Sierakowski v. Ryan*, 223 F.3d 440, 444 (7th Cir. 2000) (finding that plaintiff lacked the requisite personal stake in the outcome of the litigation to seek injunctive relief because the prospects of future injury were purely speculative).

Otero was previously incarcerated in Cook County Jail, but is not currently incarcerated or being detained in any way at Cook County Jail. (Compl. ¶¶ 23-29.) Otero, therefore, does not assert any harm that is "actual or imminent, not conjectural or hypothetical." *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Even if Otero had alleged that he may personally be subjected to the Unlawful Detention Policy in the future, which he does not, such allegations would be highly speculative and too attenuated to establish standing. Indeed, he would have to show that he might one day be arrested, detained in Cook County Jail, acquitted, and then detained after his acquittal. Speculation about a possible chain of future events does not establish standing. *See e.g.*, *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) (finding a plaintiff lacks standing when the "prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners"); *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004) (holding that a plaintiff alleging a policy of unlawful body-cavity searches lacked standing to pursue injunctive relief because "unless the same events are likely to happen again *to him* there is no controversy between him and the City about the City's future handling of other arrests") (emphasis in original); *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993) (finding the "mere possibility" that the prisoner plaintiff would be returned to the segregated unit of the prison where officers use a "black box" on prisoners did not establish a real and immediate case or controversy); *Robinson v. City of Chi.*, 868 F.2d 959, 969 (7th Cir. 1989) (holding that plaintiffs lacked Article III standing to obtain an injunction against certain policies that resulted in misdemeanor arrestees being held for excessive periods of time because they could not "show a real or immediate threat that they will be wronged again"); *Swanigan v. City of Chi*., No. 08 C 4780, 2012 WL 28696, at * 5 (N.D. Ill. Jan. 4, 2012) (finding no actual case and controversy existed as to a police "hold" procedure because plaintiff did not plead that he would be arrested

9

again and the court assumed he would follow the law and not encounter the allegedly unlawful procedure again); *Simack v. City of Chi.*, No. 02 C 3139, 2003 WL 924335, at *3-4 (N.D. Ill. Mar. 6, 2003) (finding the possibility that the plaintiff would be wrongfully arrested for a misdemeanor and detained unreasonably too speculative to establish standing).

Otero also cannot attain standing to seek equitable relief based on the harms that may occur to potential members of an alleged class that has not been certified and may never be. *See e.g., Miller*, 373 F.3d at 836 (7th Cir. 2004) (holding that where a district court has yet to certify a class, plaintiff may not rely on "the prospect that other arrested persons may be subjected" to the same treatment he is now challenging as unconstitutional); *Yachnin v. Village of Libertyville*, 803 F. Supp. 2d 844, 850 (N.D. Ill. 2011) (refusing to allow defendant, for purposes of standing, to represent all persons arrested or all persons who may be arrested in the future pursuant to a particular policy, when the class was not yet certified).

Otero has sufficiently pled a claim for relief under Section 1983, as discussed above, and may seek damages, but he does not have standing to seek equitable relief. *See Yachnin*, 803 F. Supp. 2d at 849 ("'plaintiff must demonstrate standing separately for each form of relief sought'") (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)); *see also Lyons*, 461 U.S. at 95 (finding that plaintiff had standing to seek damages but not to seek injunctive relief against abusive police practices). The Court, therefore, strikes all references to equitable relief from the Complaint. *See Jumpfly, Inc. v. Torling*, No. 10 C 0385, 2010 WL 1978732, at *1 (N.D. Ill. May 17, 2010) (granting in part motion to strike prayer for injunctive relief).

**III.     Cook County as a Party**

Otero sues Sheriff Dart in his official capacity and joined Cook County as a party pursuant to *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003). (Compl. ¶ 10) Cook County is an indispensable party to this lawsuit because state law requires the county to pay judgments entered against the Sheriff's office in its official capacity. *See Carver*, 324 F.3d at 948 ("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity"); *see also Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 636 (7th Cir. 2009). "Illinois law establishes that the Sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves." *Askew*, 568 F.3d at 636 (citations omitted); *Thomas* 604 F.3d at 305 n. 4 (7th Cir. 2010) ("the Sheriff is an independently-elected officer who is accountable only to the people, rather than the County board") (citing *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)). Cook County, therefore, is not vicariously liable for actions taken by the Sheriff or his hired deputies. *See Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) ("There is no respondeat superior liability under § 1983; the Supreme Court 'distinguish[es] acts of the municipality from acts of employees of the municipality.'") (citation omitted); *see also Franklin v. Zaruba*, 150 F.3d 682, 685–86 n. 4 (7th Cir. 1998) (finding that the county cannot be liable under Section 1983 *Monell* claim for policies of a sheriff, and also explaining that the county has no respondeat superior liability) (citing *Moy v. Cnty. of Cook*, 159 Ill.2d 519, 203 Ill. Dec. 776, 640 N.E.2d 926 (Ill. 1994) (holding that Cook County is not liable under respondeat superior for the acts of the sheriff because the sheriff is an independently elected county officer rather than an employee of the county)).

Additionally, Cook County cannot be held liable under *Monell* because the county lacks the authority to establish any policies regarding the training or performance by the employees of the Sheriff's Office. *See Thompson*, 882 F.2d at 1187 (affirming dismissal of Cook County as a defendant against a *Monell* claim since the County had "no authority to train the employees involved or to set the policies under which they operate"); *see also Ebrahime v. Dart*, No. 09 C 7825, 2010 WL 4932655, at *6 (N.D. Ill. Nov. 30, 2010) (dismissing a *Monell* claim against the county "because it is the Sheriff who is the policymaker at the county jail"). It is unclear from the Complaint whether Otero asserts substantive claims against Cook County beyond indemnification because Otero refers to Defendants collectively. To the extent that Otero alleges substantive claims against Cook County, the Court dismisses those claims under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to dismiss Count I, but grants the motion to the extent that the Complaint asserts substantive claims against Cook County. The Court also grants Defendants' motion to strike Otero's requests for equitable relief.

**Date: October 18, 2012**

                                        **ENTERED**

                                        */s/ Amy J. St. Eve*
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**