**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN OTERO, individually and on behalf of a class of similarly situated individuals, | ) | |
| Plaintiff, | ) | 12 C 3148 |
| vs. | ) | Honorable Judge Amy J. St. Eve |
| THOMAS J. DART, *et al.* | ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED**
**CLASS ACTION COMPLAINT**

NOW COME Defendants, Cook County Sheriff Dart and County of Cook, by their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Anthony E. Zecchin, and answers the Plaintiff's Amended Class Action Complaint as follows:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of himself and other male inmates who were victimized by Defendant's policy of unconstitutionally detaining, holding in custody and imprisoning free citizens following an acquittal or other favorable disposition of the charges brought against them. Rather than freeing these citizens, Defendant instead manacles them, herds them together with inmates of the general prison population, and subjects them to a labyrinthine ordeal during which they are locked and confined in a series of holding cells and even returned to their original jail cells precisely as if they had been found guilty of the very crime of which they were acquitted.

ANSWER: Defendants deny the allegations in paragraph 1.

2. These policies or practices violate Plaintiff's and class members' rights under the Fourth and Fourteenth Amendments to the United States Constitution. Furthermore, similarly situated female acquitted inmates are not subjected to these policies or practices, but rather are segregated from other inmates and not returned to their original jail cells. Defendant's policies or practices, therefore, also violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. Accordingly, Defendant's policies or practices deprived Plaintiff and the putative class of rights, privileges, and immunities secured by the United States Constitution and, therefore, constitute violations of 42 U.S.C. § 1983.

ANSWER: Defendants deny the allegations in paragraph 2.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. This action is authorized and instituted pursuant to the Act of Congress known as the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866," 42 U.S.C. § 1983.

ANSWER: Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. § 1343. Defendants deny the remaining allegations in paragraph 3.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)-(c). Defendants reside and do business in the Northern District of Illinois and Plaintiff is a resident of the Northern District of Illinois. Defendants are subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

**PARTIES**

5. Plaintiff Brian Otero is a resident of the City of Chicago, in Cook County, Illinois.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendants are the Sheriff of Cook County, Thomas J. Dart and Cook County, Illinois. The Sheriff is being sued in his official capacity only. The County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

ANSWER: Defendants admit the allegations in paragraph 6.

**COMMON ALLEGATIONS**

7. Defendant has a policy or practice of detaining free citizens following an acquittal or other favorable disposition of the charges brought against them in a manner that results in an unconstitutional seizure and deprivation of liberty under the Fourth and Fourteenth Amendments to the United States Constitution, and which also violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

ANSWER: Defendants deny the allegations in parpagraph 7.

8. More specifically, Defendant has a policy or practice under which it shackles, transports and detains acquitted individuals with other regular inmates. Defendant also requires all acquitted individuals to change back into their prison jumpsuit and be processed back into the general prison population. In fact, Defendant has conceded that it has no policies or procedures in place that distinguish acquittees from other inmates over whom Defendant has the continued right to detain or that in any way acknowledge an inmate's right to freedom that he acquires by

virtue of an acquittal or other favorable disposition of the charges brought against him. Furthermore, even though an acquittee's file already includes a warrant check, Defendant's policy or practice is to hold acquitted individuals in custody pending the completion of yet another warrant check. Moreover, Defendant intentionally waits until the last minute to run such a check instead of doing so upon realizing the detainee has been ordered to be released. These and other aspects of Defendant's policies or practices result in a post-acquittal detention of individuals that is unconstitutional.

ANSWER: Defendants deny the allegations in paragraph 8.

9. The policies or practices described above apply equally to every single acquitted male detainee and are so widespread, permanent and well settled that they constitute a custom or usage with the force of law.

ANSWER: Defendants deny the allegations in paragraph 9.

10. Furthermore, similarly situated female acquitted inmates are not subjected to these policies or practices. Unlike their male counterparts, female inmates who are acquitted or otherwise ordered to be released are segregated from other inmates and are given the option to either remain in the receiving room or return to their jail cell while Defendant processes their release.

ANSWER: Defendants deny the allegations in paragraph 10.

## PLAINTIFF'S ALLEGATIONS

11. After his acquittal, Plaintiff was subjected to the exact same policies and procedures set forth above.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. On November 23, 2009, the Chicago Police Department arrested Plaintiff for an alleged burglary. Plaintiff was subsequently charged with burglary and was held, pending trial, in Cook County Jail, since he could not afford to make bail.

ANSWER: Defendants admit that Plaintiff was charged with burglary in 2009. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12.

13. On July 21, 2011, Plaintiff stood trial for the alleged burglary.

ANSWER: Defendants deny the allegations in paragraph 13.

14. Plaintiff was in Defendant's custody from the time he was arrested on November 23, 2009 until his trial.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. The jury found Plaintiff "not guilty" following a trial and acquitted him of all charges. The court entered judgment in favor of Plaintiff.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. At the time of his acquittal, Plaintiff had no outstanding warrants and no other pending cases that would justify his continued detention.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Following his acquittal, and despite the fact that there were no other pending charges or warrants against Plaintiff, Defendant seized Plaintiff and placed him in handcuffs. Plaintiff was then detained with other regular inmates in a number of different holding cells and

ultimately processed back into his Division within the general prison population.

ANSWER: Defendants deny the allegations in paragraph 17.

18. While being detained, held in custody and imprisoned in one of the various bullpens, other inmates asked Plaintiff about the outcome of his trial. After informing the prisoners that he had been found not guilty and would be leaving jail, the prisoners punched and pummeled Plaintiff about the face and body. Plaintiff sustained physical injuries as a result of the jailhouse beating he suffered while being detained by Defendant after his acquittal. Plaintiff did not report the beating to Defendant because he was afraid he would somehow be charged in connection with being beaten in the bullpen.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

**CLASS ALLEGATIONS**

19. Plaintiff brings his claims under 42 U.S.C. § 1983, individually and as a class action pursuant to Federal Rules of Civil Procedure Rule 23. The class Plaintiff seeks to represent is defined as:

> All male inmates who while being detained by the Cook County Sheriff's Office were found not guilty, were acquitted, had charges brought against them dismissed or otherwise received a judicial determination requiring their release and for whom the Sheriff's Office no longer had any legal right to detain from April 27, 2010 through the present.

Excluded from the class are Defendants' legal representatives, officers, directors, assigns, and successors, and members of their immediate families, and any Judge who may preside over this case and his or her immediate family.

ANSWER: Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown at this time but can be determined through discovery. Defendant has already admitted in discovery that a subset of the class includes hundreds of individuals. On information and belief, Plaintiff believes there are thousands, if not tens of thousands, of members of the class. Additionally, because Defendant's unconstitutional policies or practices are continuing, there are new class members every day.

ANSWER: Defendants deny the allegations in paragraph 20.

21. There are numerous questions of law and fact common to the class that predominate over any questions affecting only individual members, including, but not limited to:

(a) whether Defendant maintains a policy or practice of detaining male citizens who were found not guilty, were acquitted, had charges brought against them dismissed or otherwise received a judicial determination requiring their release by seizing and handcuffing them, detaining and transporting them in the same holding cells as the other regular inmates, processing them back into the general prison population and continuing to hold them until running a check for outstanding warrants;

(b) whether Defendant lacked policies and procedures that acknowledge a male inmate's right to freedom that he acquires by virtue of an acquittal or other favorable disposition of the charges brought against him;

(c) whether Defendant's policy or practice is to treat similarly situated female acquittees differently than male acquittees;

(c) whether such policies or practices are so widespread, permanent, and well settled that they constitute a custom or usage with the force of law;

(d) whether such policies or practices were carried out under color of custom or usage of State law and whether Plaintiff's and class members' constitutional rights were violated under the color of State law; and

(e) whether such policies or practices violate Plaintiff's and putative class members' constitutional rights in violation of 42 U.S.C. § 1983.

ANSWER: Defendants deny the allegations in paragraph 21.

22. The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff's claims have the same essential characteristics as the claims of the class; namely, Plaintiff and class members were all subjected to and damaged by Defendant's unconstitutional policy or practice as described above.

ANSWER: Defendants deny the allegations in paragraph 22.

23. Plaintiff will fairly and adequately represent the interests of the class. Plaintiff's interests and the interests of class members do not conflict. Plaintiff's interests in pursuing this matter are aligned with the interests of the class members. Plaintiff is willing to actively prosecute the class claims at issue in this case and has retained counsel experienced in and capable of handling class action lawsuits.

ANSWER: Defendants deny the allegations in paragraph 23.

24. Resolving this controversy as a class action is also superior to other methods. Because this case involves similar, if not identical, claims of thousands of individuals against the same defendants, class certification provides greater efficiency and consistency than piecemeal litigation of nearly identical individual cases. Class treatment will minimize the costs of discovery, motions, and trial and prevent a multiplicity of cases addressing identical issues that would unduly and unnecessarily congest the judicial system.

ANSWER: Defendants deny the allegations in paragraph 24.

25. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiff is currently being detained by Defendant and therefore faces a real and immediate danger that he will again be subjected to Defendant's unconstitutional policies or practices.

ANSWER: Defendants deny the allegations in paragraph 25.

**COUNT I**
**(Unlawful Detention in Violation of the Fourth and Fourteenth Amendments to the United States Constitution via 42 U.S.C. § 1983)**

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

ANSWER: Defendants reassert and reincorporate their answers to all preceding paragraphs as their answer to paragraph 26.

27. Defendant maintains a policy or practice of detaining, holding in custody and imprisoning male inmates in an unreasonable manner with deliberate indifference to their constitutional rights following a trial or other court appearance where the individual is found not guilty, is acquitted, obtains a dismissal of the charges brought against him or otherwise receives a judicial determination requiring his release.

ANSWER: Defendants deny the allegations in paragraph 27.

28. The aforementioned policy or practice deprived Plaintiff and the putative class of liberty without due process, in violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

ANSWER: Defendants deny the allegations in paragraph 28.

29. The aforementioned policy or practice deprived Plaintiff and the putative class of rights, privileges, and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983.

ANSWER: Defendants deny the allegations in paragraph 29.

30. The aforementioned policy or practice was carried out under color of custom or usage of State law and Plaintiff's and class members' constitutional rights were violated under the color of State law.

ANSWER: Defendants deny the allegations in paragraph 30.

31. Defendant's conduct is intentional, deliberate, willful, and conducted with disregard for the rights of the Plaintiff and the class. In fact, Defendant has been sued on at least two prior occasions for, among other things, the specific and unreasonable detention procedures and common conditions to which it subjects inmates after they are found not-guilty or otherwise acquitted. *See Watson v. Sheahan, et al.*, Case No. 94-cv-6891 (N.D. Ill.) and *Bullock v. Dart, et al.*, Case No. 04-cv-1051 (N.D. Ill.). Despite being put on notice of its unconstitutional policies or practices and paying millions of dollars to settle prior class actions challenging those policies or practices, Defendant continues to adhere to the same unlawful policies or practices.

32. As a direct and proximate cause of Defendant's policies or practices, Plaintiff and the class have suffered harm, including actual damages, emotional distress damages and other damages.

ANSWER: Defendants deny the allegations in paragraph 31.

**COUNT II**
**(Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983)**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if

fully set forth herein.

ANSWER: Defendants reassert and reincorporate their answers to all preceding paragraphs as their answer to paragraph 33.

34. As set forth above, Defendant maintains a post-acquittal detention policy or practice that discriminates against male inmates based on gender.

ANSWER: Defendants deny the allegations in paragraph 34.

35. The aforementioned policy or practice deprived Plaintiff and the putative class of equal protection in violation of their constitutional rights under the Fourteenth Amendment to the United States Constitution.

ANSWER: Defendants deny the allegations in paragraph 35.

36. The aforementioned policy or practice deprived Plaintiff and the putative class of rights, privileges, and immunities secured by the Constitution and laws in violation of 42 U.S.C. § 1983.

ANSWER: Defendants deny the allegations in paragraph 36.

37. The aforementioned policy or practice was carried out under color of custom or usage of State law and Plaintiff's and class members' constitutional rights were violated under the color of State law.

ANSWER: Defendants deny the allegations in paragraph 37.

38. Defendant's conduct is intentional, deliberate, willful, and conducted with disregard for the rights of the Plaintiff and the class. In fact, Defendants have been sued on at least one prior occasion for, among other things, treating male inmates differently than similarly situated female inmates who were found not guilty, were acquitted, obtained a dismissal of the charges brought against them or otherwise received a judicial determination requiring their

release. *See Bullock v. Dart, et al*., Case No. 04-cv-1051 (N.D. Ill.). Despite being put on notice of its unconstitutional policy or practice and paying millions of dollars to settle a prior class action challenging that policy or practice, Defendant continues to adhere to the same unlawful policy or practice.

ANSWER: Defendants deny the allegations in paragraph 39.

39. As a direct and proximate cause of Defendant's policy or practice of discriminating against male inmates based on gender, Plaintiff and the class have suffered harm, including actual damages, emotional distress damages and other damages.

ANSWER: Defendants deny the allegations in paragraph 39.

WHEREFORE, Plaintiff requests that the Court:

A. Certify this case as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure, designate Plaintiff as representative of the class and counsel of record as class counsel;

B. Declare that the policies or practices challenged herein are illegal and violative of the Constitutional rights secured to Plaintiff and the class;

C. Enter a preliminary and permanent injunction against the Defendants and their officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs and usages as set forth herein;

D. Enter an Order requiring the Defendants to initiate and implement programs that: (1) do not violate the Constitutional rights of free citizens who were acquitted or otherwise obtained a favorable disposition of the charges brought against them; (2) remedy the effects of the Defendant's past and present unlawful practices; and (3) eliminate the

continuing effects of the unlawful practices described herein above;

E. Award damages sufficient to compensate Plaintiff and the class for their injuries;

F. Award punitive damages;

G. Award Plaintiff reasonable attorneys' fees and costs of this action;

H. Award pre-judgment and post-judgment interest;

I. Enter a judgment in favor of Plaintiff and the class and against Defendants, jointly and severally, for the amounts set forth in Paragraphs E-H above; and

J. Order any and all other relief that this Court may deem just and equitable.

ANSWER: Defendants deny that Plaintiff is entitled to any of the relief requested in his prayer for relief.

**AFFIRMATIVE DEFENSE**

Sheriff Dart is named in his official capacity and therefore is immune from an award of punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981).

**JURY DEMAND**

Defendants respectfully demand a trial by jury.

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County

/s/ Anthony E. Zecchin
Anthony E. Zecchin
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3373